UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ENVIRONMENTAL PROT. INF. CTR., et al.,

      Plaintiffs,

  v.

BLACKWELL, et al.,

      Defendants.

NO. CIV. S-04-1027 WBS GGH

ORDER RE: COSTS

----oo0oo----

On May 5, 2005, the court entered final judgment in favor of plaintiffs in this case.  Plaintiffs have submitted a cost bill totaling $491.40.  Defendants do not object.

Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54-292(f) govern the taxation of costs to losing parties, subject to limits set under 28 U.S.C. § 1920.  See 28 U.S.C. § 1920 (enumerating taxable costs); Fed. R. Civ. P. 54(d)(1) ("costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ."); L.R. 54-292(f); Crawford Fitting Co. v. J.T. Gibbons, 482 U.S. 437, 441 (1987) (limiting taxable costs to those enumerated in 28 U.S.C. § 1920).  The district court has

1 discretion to determine what constitutes a taxable cost within
2 the meaning of 28 U.S.C. § 1920.  <u>Amarel v. Connell</u>, 102 F.3d
3 1494, 1523 (9th Cir. 1997); <u>Alflex Corp. v. Underwriters' Lab.,
4 Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990).  The losing party has
5 the burden of overcoming the presumption in favor of awarding
6 costs to the prevailing party.  <u>See</u> <u>Russian River Watershed
7 Protection Comm. v. City of Santa Rosa</u>, 142 F.3d 1136, 1144 (9th
8 Cir. 1998); <u>Amarel</u>, 102 F.3d at 1523.

9      After reviewing the bill, the court finds all costs to
10 be reasonable.  Accordingly, costs of **$491.40** will be allowed.
11      IT IS SO ORDERED.
12 DATED: June 17, 2005

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2