UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ENVIRONMENTAL PROTECTION AND INFORMATION CENTER, a California nonprofit corporation, and KLAMATH-SISKIYOU WILDLANDS CENTER, an Oregon nonprofit corporation,

    Plaintiffs,

  v.

JACK BLACKWELL, in his official capacity as Regional Forester for the Southwest Pacific Region of the United States Forest Service, MARGARET BOLAND, in her official capacity as Forest Supervisor for the Klamath National Forest, and UNITED STATES FOREST SERVICE,

    Defendants.

CASE NO. CIV. S-04-1027 WBS GGH

ORDER RE: MOTION FOR ATTORNEYS' FEES

----oo0oo----

    The parties have stipulated to an agreement regarding attorneys' fees and costs in this matter.  They now move this court for an order approving the stipulations.

    On May 26, 2004 plaintiffs Environmental Protection and

1

Information Center (EPIC) and Klamath Siskiyou Wildlands Center (KS Wild) filed suit to challenge the Forest Service's development and implementation of the Westpoint Timber Sale. This court granted in part and denied in part the parties' cross-motions for summary judgment, holding that defendants violated the National Environmental Policy Act ("NEPA"), but not the National Forest Management Act ("NFMA"). (May 5, 2005 Order 27-28.) Additionally, this court permanently enjoined defendants from proceeding with the Westpoint project. (Id. at 28.) The parties both appealed, but subsequently moved for voluntary dismissals pursuant to Federal Rule of Appellate Procedure 42(b). The Ninth Circuit granted these motions in September, 2005.

Prior to submitting the Stipulated Agreement, plaintiffs moved on October 7, 2005 for an award of $80,344.13, including $80,155 in attorney fees and $189.13 in expenses. They based that motion on the Equal Access to Justice Act ("EAJA"), which authorizes courts to award attorney fees to prevailing parties in proceedings for judicial review of agency actions. 28 U.S.C. § 2412(d)(1)(A) ("[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in . . . proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."); see also Gonzales v. Free Speech Coalition, 408 F.3d 613, 618 (9th Cir. 2005) ("The government bears the burden of demonstrating substantial justification.").

2

1  Plaintiffs now agree to accept the stipulated amount, $65,491.40, payable to the Law Offices of Sharon E. Duggan, in lieu of pursuing the previously filed motion for attorneys' fees. This payment, to be made within thirty (30) business days of the receipt of this order, "shall operate as a release of any and all claims of attorneys' fees and costs from Federal Defendants that Plaintiffs may seek in this matter." (Stipulated Agreement 3 at ¶ 3.)

Because the government bears the burden of showing that attorneys' fees are unjustified under the EAJA and because it has agreed to the terms above instead of opposing plaintiffs' motion, the award of attorneys' fees, as described in the Stipulated Agreement, is proper. The amount of the award, significantly reduced from the amount originally sought by plaintiffs, is reasonable. Moreover, as the parties note in their agreement, "it is in the interests of judicial economy to avoid litigating a request for attorneys' fees and costs and to avoid diverting agency resources from [the] administration of the National Forest lands at issue in this litigation." (Id. at 2.)

IT IS THEREFORE ORDERED that the stipulated agreement regarding attorneys' fees and costs be and the same hereby is, APPROVED, and plaintiffs' are hereby awarded their attorneys' fees and costs in the amount of $65,491.40.

DATED: January 13, 2006

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE